FILED
2012 Aug-28  AM 11:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA,
NORTHEASTERN DIVISION

| | |
|---|---|
| **CAROLYN GRIMES, et al.** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 5:12-cv-1144-JEO |
| ) | |
| **AMTEC CORPORATION, et al.** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION

This cause comes before this court to be heard on the Response and Objection to Report of Recommendation filed by the defendants on August 8, 2012.

The court has fully considered the Report and Recommendation of the magistrate judge of July 30, 2012 and the various documents filed by the parties. The Report and Recommendation is excellently reasoned and excellently crafted. This court will accept, adopt, and affirm said Report and Recommendation.

This Court particularly notes the following language in *Gulf Offshore Co. v. Mobil Oil Corp.*, 453 U.S. 473 (1981) which is highly persuasive:

> This case requires us to determine whether federal courts have exclusive jurisdiction over personal injury and indemnity cases arising under the Outer Continental Shelf Lands Act, 67 Stat. 462, as amended, 43 U.S.C. 1331 et seq. . . . Petitioner argued that Mobil's cause of action arose under the Outer Continental Shelf Lands Act (OCSLA), and that OCSLA vested exclusive subject-matter jurisdiction in a United States district court. *Id* at 475-476.

. . . .

We granted certiorari to resolve a conflict over whether federal courts have exclusive subject-matter jurisdiction over suits arising under OCSLA. . . . The general principle of state-court jurisdiction over cases arising under federal laws is straightforward: state courts may assume subject-matter jurisdiction over a federal cause of action absent provision by Congress to the contrary or disabling incompatibility between the federal claims and state-court adjudication. The two exercise concurrent sovereignty, although the Constitution limits the powers of each and requires the States to recognize federal law as paramount. *Id* at 477-478.

. . . .

In considering the propriety of state-court jurisdiction over any particular federal claim, the Court begins with the presumption that state courts enjoy concurrent jurisdiction. . . . Congress, however, may confine jurisdiction to the federal courts either explicitly or implicitly. Thus, the presumption of concurrent jurisdiction can be rebutted by an explicit statutory directive by unmistakable implication from legislative history, or by clear incompatibility between state-court jurisdiction and federal interests. . . .It is black letter law, however, that the mere grant of jurisdiction to a federal court does not operate to oust a state court from concurrent jurisdiction over the cause of action.  *Id* at 478 - 479 (citing *United States v. Bank of New York & Trust Co.*, 296 U.S.463, 479 (1936)).

. . . .

OCSLA declares the Outer Continental Shelf to be an area of exclusive federal jurisdiction. . . . Petitioner does not contend that the assertion of exclusive political jurisdiction over the Shelf evinces a congressional intent that federal courts exercise exclusive jurisdiction over controversies arising from operations on the Shelf. . . . This argument is premised on a perceived incompatibility between exclusive federal sovereignty over the Outer Continental Shelf and state-court jurisdiction over controversies relating to the Shelf. We think petitioner mistakes the purpose of OSCLA and the policies necessitating exclusive federal-court jurisdiction. *Id* at 479-480.

. . . .

All law applicable to the Outer Continental Shelf is federal law, but to fill the substantial 'gaps' in the coverage of federal law, OSCLA borrows the 'applicable and not inconsistent' laws of the adjacent States as surrogate federal law. . . Thus, a personal injury action involving events occurring on the Shelf is governed by federal law, the content of which is borrowed from the law of the adjacent State, here Louisiana. . . . The OSCLA plan is not inimical to state-court jurisdiction over

personal injury actions. Nothing inherent in exclusive federal sovereignty over a territory precludes a state court from entertaining a personal injury suit concerning events occurring in the territory and governed by federal law.

*Id* at 480-481 (Cf. *Evans v. Cornman*, 398 U.S. 419, 424 (1970) (residents of an area of exclusive federal jurisdiction within the State are "subject to the process and jurisdiction of state courts.")).

. . . .

That the location of the event giving rise to the suit is an area of exclusive federal jurisdiction rather than another State, does not introduce any new limitation on the forum State's subject-matter jurisdiction. *Id* at 481-482.

. . . .

The operation of OCSLA will not be frustrated by state-court jurisdiction over personal injury actions. The factors for recommending exclusive federal-court jurisdiction in the area of federal law include the desirability of uniform interpretation, the expertise of federal judges in federal law, and the assumed greater hospitality of federal courts to peculiarly federal claims These factors cannot support exclusive federal jurisdiction over claims whose governing rules are borrowed from state law. There is no need for uniform interpretation of laws that vary from State to State. State judges have greater expertise in applying these laws and certainly cannot be thought unsympathetic to a claim only because it is labeled federal rather than state law. *Id* at 483-484.

The court will remand this action to the Circuit Court of Madison County, Alabama.[1]

This the 28th day of August, 2012.

_____
                **ROBERT B. PROPST**
   **SENIOR UNITED STATES DISTRICT JUDGE**

---

[1] Some cites omitted from some quotes.